IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OTIS OLIVER McCRAY                                              PLAINTIFF

VS.                          CIVIL ACTION NO. 5:17-cv-11(DCB)(MTP)

KELLY SUZANNE OLIVE                                             DEFENDANT

ORDER

This cause is before the Court on the plaintiff Otis Oliver McCray's Motion for Writ of Mandamus **(docket entry 35)**.

On May 22, 2017, this Court entered a Final Judgment as to the plaintiff's federal claims, dismissing his claims under 42 U.S.C. § 1983 with prejudice. On the same day, the Court remanded the plaintiff's state law claims to the Circuit Court of Wilkinson County, Mississippi, thereby closing this civil action.

On October 4, 2017, the plaintiff filed a "Writ of Mandamus" asking this Court to compel the Circuit Court of Wilkinson County to "comply with the order of remand." See docket entry 32. The pleading cited no grounds and failed to show that the Circuit Court has refused to comply with this Court's order of remand.

Docket entry 32 also included an attachment titled "Affidavit for Arrest," seeking the arrest of defendant Kelly Suzanne Olive for civil contempt. Again, the pleading cited no grounds and failed to show any civil contempt on the part of the defendant. Consequently, the motion for "Writ of Mandamus" and the "Affidavit for Arrest" were denied by this Court on October 27, 2017. See

docket entry 34.

The present Motion for Writ of Mandamus seeks an order from this Court compelling the Circuit Court of Wilkinson County, Mississippi, to "act in accord with the dictates of the Constitution, and in particular, in accord with the Due Process Clause." <u>See</u> docket entry 35. Again, the pleading cites no grounds for the relief requested.

In <u>Johnson v. United States Marine Corps</u>, 2013 WL 3652377, *6 (N.D. Tex. July 15, 2013), the district court observed:

> The Fifth Circuit has noted, "[l]ike every other pastime, recreational litigation has its price; ... sanctions ... are imposed for the very purpose of causing the would-be pro se litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation." <u>Gelabert v. Lynaugh</u>, 894 F.2d 746, 748 (5th Cir. 1990). Even <u>pro se</u> litigants, who are given considerable latitude, do not have the right to abuse the court system by repeatedly filing frivolous claims and motions. <u>Myers v. Klevenhagen</u>, 941 F.2d 346, 348 (5th Cir. 1991). When it becomes clear that a litigant is a major consumer of court time who continually wastes judicial resources, sanctions are an appropriate remedy. <u>Id</u>.

This Court shall deny plaintiff Otis Oliver McCray's Motion for Writ of Mandamus. Furthermore, the Court finds that sanctions may also be appropriate, should the plaintiff continue to submit frivolous claims. Where a plaintiff is "abusing the judicial process by such filings and [is] delaying the consideration of meritorious claims," requiring a plaintiff to receive the permission of the Court before filing a motion or a lawsuit is

appropriate.  Murphy v. J.A. Collins, 26 F.3d 541, 544 (5th Cir. 1994); Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

Accordingly,

IT IS HEREBY ORDERED that plaintiff Otis Oliver McCray's Motion for Writ of Mandamus **(docket entry 35)** is DENIED;

FURTHER ORDERED that should the plaintiff continue to file frivolous motions or lawsuits, appropriate sanctions may be imposed against him.

SO ORDERED, this the 15th day of February, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE